**In re Harold/Linda FEASEL, Debtors.**

No. 99–33535.

United States Bankruptcy Court,
N.D. Ohio.

Aug. 8, 2000.

Bruce C. French, Lima, OH, Interim Trustee.

Steven L. Diller, Van Wert, OH, for Debtors.

*DECISION AND ORDER*

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Trustee's Objection to the Debtors' claim of exemption in certain insurance policies. In response, the Debtors filed an Objection to the Trustee's Motion to Deny Exemption. On March 14, 2000, the Court held a hearing on the matter at which time the Parties agreed that all the issues involved in this proceeding were solely questions of law. Accordingly, pursuant to an Order dated March 29, 2000, the Court ordered that, "the Trustee and the debtors shall file briefs with the Court not later than April 14, 2000, setting forth their respective positions with pertinent authority, if any, as well as a stipulated set of facts."

Within the time frame stated above, the Court received briefs from each of the Parties. However, as of the date of the entry of this Order, the Court has yet to receive, from either Party, a stipulated set of facts. In addition, the Court, upon reviewing the briefs submitted by the Debtors, finds that the Debtors' insurer, American Community Mutual Insurance Company, may have an interest in this proceeding.

Accordingly, it is

*ORDERED* that the Trustee and the Debtors submit, within Forty-five (45) days from the entry of this Order, a Stipulated Set of Facts to the Court. The Stipulated Set of Facts should specify: (1) the total amount of insurance proceeds distributed by the Debtors' medical insurers, and whether such disbursements were made in one lump sum or increments; (2) the total cost of the Debtor's (Linda Feasel) medical bills; (3) the amount of insurance proceeds received by the Debtors personally, and whether such funds are now available; (4) whether any of these insurance proceeds were received prepetition; (5) what portion of these insurance proceeds were paid on account of both prepetition and postpetition medical services. In addition, and although not ruling on the matter, the Parties should set forth how many months are at issue in this proceeding for purposes of the Six Hundred ($600.00) dollar per month limitation contained in O.R.C. § 3923.19.

It is **FURTHER ORDERED** that the Clerk, U.S. Bankruptcy Court, serve a copy of this Order along with a copy of the briefs submitted by the Trustee and the Debtors to the American Community Mutual Insurance Company, 39201 Seven Mile Road, Livonia, Michigan 48152.